# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| 1. | 42 U.S.C. 1983 | 1 |
| 2. | 42 U.S.C. 2000ee-1(a) | 4 |
| 3. | Tort Claims Act | 6 |
| Conclusion | | 8 |

# TABLE OF AUTHORITIES

Page

42 U.S.C. 1983 . . . . . . . . . . . . . . . . . . . . . . . 1

*42 U.S.C. 2000ee-1(a)* . . . . . . . . . . . . . . . . . . 5-7

*28 U.S.C. 2675(a)* . . . . . . . . . . . . . . . . . . . . . 6

*Bueno Diaz v. Mercurio*, 2020 WL 1082482 (S.D.N.Y.) . . . 2-3

*Biandino v. Immigration and Customs Enforcement Officers*,
2011 WL 588342 (N.D. Cal.). . . . . . . . . . . . . . . . . 4

*Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468,
    64 L.Ed.2d 15 (1980) . . . . . . . . . . . . . . . . . . 2

*Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264,
    60 L.Ed.2d 846 (1979) . . . . . . . . . . . . . . . . . . 2

*Diaz-Bernal v. Myers*, 758 F.Supp.2d 106 (D.Conn. 2010)   3

*Lanuza v. Love*, 899 F.3d 1019 (9 Cir. 2018) . . . . . . . 3

*Maria S. v. Garza*, 2015 WL 4394745 (S.D. Tex.) . . . . . 4

*Myers & Myers, Inc. v. U.S. Postal Service*, 527 F.2d
    1215, 1256 (2d Cir. 1975) . . . . . . . . . . . . . . . 6

*Wilkie v. Robbins*, 551 U.S. 537, 553, 127 S.Ct. 2588,
    168 L.Ed.2d 389 (2007) . . . . . . . . . . . . . . . . . 3

*Vega v. Hempstead Union Free Sch. Dist.*, 801 F.2d
    (2d Cir. 2015) . . . . . . . . . . . . . . . . . . . . . 5

*Ziglar v. Abassi*, 137 S.Ct. 1843 (2017). . . . . . . . . 1-2

The Plaintiff, Sylwia Ewelina Madej Manchanda ("the Plaintiff"), submits this written response to the Court's April 23, 2020, Order, ordering the Plaintiff to show cause why her Complaint should not be dismissed for failure to assert a claim for which relief can be granted (and for lack of subject matter jurisdiction.

## 1. 42 U.S.C. §1983

*"The claim is not one of the matters that may be asserted against federal actors pursuant to the limitations imposed on Bivens actions by Ziglar v. Abassi, 137 S.Ct. 1843 (2017)."*

It is respectfully submitted that this action does not seek an extension of the *Bivens* doctrine; and/or there are no special factors emphasizing dismissal.

In *Ziglar v. Abassi,* 137 S.Ct. 1843, 198 L.Ed.2d 290 (2017), the plaintiffs sued the Immigration and Naturalization Service, claiming that it unlawfully held them for several months after completion of immigration cases brought against them allowed the FBI to investigate potential links to terrorism.

The United States Supreme Court found the implied cause of action created by

> *Bivens v. Six Unknown Named Agents* (1971) should not be extended to reach the federal officials' detention

1

> policy. If a claim arises in a new context to *Bivens*, then some special factor must be identified that makes the judiciary better suited than the legislature to decide that there is a new cause of action.

In *Bivens,* a man handcuffed in his home without a warrant had a right under the Fourth Amendment and damages could lie against the officials for constitutional violations, absent statute, because such remedy could be judicially implied under the Constitution. *Bivens*, 403 U.S. at 399 (Harlan, J., concurring).

The Supreme Court recognized two additional contexts for such remedy—one in a sex discrimination case by a federal employee under the Fifth Amendment due process (*Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979)), and one where prison officials' failure to treat an inmate's asthma led to his death. *See, Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980).

If a case, however, does not present a new *Bivens* context, such relief is not precluded and the Court may evaluate the claim for damages on the merits. If the Court determines that the context is new, it must analyze whether there are special factors counseling hesitation in the absence of action by Congress. *Id*. at 1857. *Bueno Diaz v. Mercurio*, 2020 WL 1082482 (S.D.N.Y.)(March 5, 2020), noted that the Supreme Court has dubbed it "crystal clear" that

"Congress views FTCA and Bivens as parallel, complimentary causes of action." *Id.* at 6. As such, the FTCA and Bivens remedies are parallel, complimentary causes of action and the availability of one does not preempt the latter. *Wilkie v. Robbins*, 551 U.S. 537, 553, 127 S.Ct. 2588, 168 L.Ed.2d 389 (2007).

In *Lanuza v. Love*, 899 F.3d 1019 (9 Cir. 2018), an alien brought an action against a government immigration attorney and the United States, alleging that the attorney's falsification of a document violated the alien's Fifth Amendment right to due process. The attorney moved to dismiss. The Third Circuit held that special factors did not counsel against extending a Bivens remedy to the alient's due process claim against the government immigration attorney.

Here, there are no "special factors" that counsel against recognizing a *Bivens* remedy in this context. There are no other remedies for the alleged violations in this case other than damages. The more appropriate forum for a determination of damages for an implied cause of action under the Constitution is the Court. The judiciary is well-suited to consider and weigh the costs and benefits of allowing a damages action to proceed. *Abbasi*, 137 S.Ct. at 1857. In *Diaz-Bernal v. Myers*, 758 F.Supp.2d 106 (D.Conn.

3

2010), the court held that the Immigration and Nationality Act did not preclude a Bivens suit against supervisory officials. *And see, Maria S. v. Garza*, 2015 WL 4394745 (S.D. Tex.).

Furthermore, if there are defects determined in the Complaint, the matter should be only dismissed without prejudice to the right to refile. *Biandino v. Immigration and Customs Enforcement Officers*, 2011 WL 588342 (N.D. Cal.).

### 2. 42 U.S.C. 2000ee-1(e)

*"This statutory provision does not set forth a private right of action. The Complaint does not allege that Plaintiff filed a complaint with the requisite civil rights or privacy officer designated by the agency pursuant to 42 U.S.C. 2000ee-1(a) or (b) or to the Privacy and Civil Liberties Oversight Board. The Complaint does not plausibly allege that Stokes notice was issued in response to the written complaint made by the Plaintiff's husband or that the Defendant knew of the complaint before the notice was issued."*

The statutory provisions under 42 U.S.C. 2000ee-1(a) do create a private cause of action. Specifically, as recognized by the DHS, retaliation against a person who makes a complaint or discloses information to CRCL is

4

prohibited under 42 U.S.C. 2000ee-1(1). The Second Circuit has, for example, determined that a plaintiff can bring an action under 1983 for retaliation based on complaints of discrimination. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.2d (2d Cir. 2015).

As the United States Department of Homeland Security wrote in a February 29, 2020 letter to the undersigned attorney, "Federal law forbids retaliation against a person who makes a complaint or discloses information to CRCL. 42 U.S.C.2000ee-1(e)" (Exhibit A, p. 2).

On March 26, 2020, the undersigned counsel, on behalf of the Plaintiff, asked that USCIS immediately reconsider/revoke the Stokes Interview Referral Notice; grant the Plaintiff's Adjustment of Status; and any other remedies (Exhibit B). The letter further requested that a decision was needed urgently, and certainly well before the Stokes Interview date of May 12, 2020.

The Stokes Notice was evidently mailed on February 18, 2020, four (4) days after the Plaintiff and her family submitted their original complaint, but was post-dated February 14, 2020, Valentine's Day. The Notice was mailed to the Plaintiff's former address, despite her having changed her address online several months prior and gave that address to the Defendant at interview. The appeal

5

requested that "all of this needs to be investigated as another possible violation of federal law 42 U.S.C. 2000eee-1(e)(Exhibit C, p. 1).

The appeal further raised awareness of possible earlier retaliation prohibited by 2000ee-1(e)(*Id.* at p. 2). The undersigned was told by USCIS that the normal results of complaining about a DHS or USCIS employee was "death" and "direct energy weapons," and other disturbing things (*Id.*). As a result, the undersigned requested that the USCIS immediately revoke the Stokes Interview Notice.

The Plaintiff was given Notice of a Stokes Interview on February 14, 2020, to occur on May 12, 2020, at 8:00 am (Exhibit D).

### 3. Federal Tort Claims Act

"*Actions under the FTCA may only be brought against the Untied States, not named as a Defendant. Myers & Myers, Inc. v. U.S. Postal Service, 527 F.2d 1215, 1256 (2d Cir. 1975). The Plaintiff has not complied with the jurisdictional precondition of filing a proper administrative complaint providing the relevant agency with the six-month period to act on the abuse. 28 U.S.C. 2675(a); McNeil v. United States, 508 U.S. 106 (1993).*"

As set forth in more detail below, the Plaintiff sought to sue the individual Defendant because the federal

6

agency involved has indicated in writing that it will take actions to discipline the Defendant. Therefore, the undersigned did not bring suit against the federal agency.

To the extent that the Complaint has failed to name the United States as a Defendant, it is respectfully submitted that leave should be granted to amend the Complaint, or the Complaint dismissed without prejudice to the Plaintiff's right to amend. However, the Plaintiff intentionally did not name the United States Citizen and Immigration Service because it responded positively to the Plaintiff's written complaints and informed that it would be taking action against the Defendant. Nevertheless, the undersigned submitted a formal complaint on behalf of the Plaintiff seeking investigation into the Defendant "and the rest of the New York DHS Field Office" (Exhibit E. P. 1)

The Plaintiff also did serve a Federal Tort Claim Notice dated March 6, 2020 (Exhibit F). To the extent that it is determined that providing Notice of the Claim as was or when it was done here was defective, the Plaintiff seeks leave to submit the Tort Claim Notice and/or Dismissal of the Complaint Without Prejudice of the right to reinstate. The Notice was rejected by the USCIS because the undersigned could not learn the correct name of the Defendant.

7

But the Plaintiff also exhausted her administrative remedies against the United States by submitting an I-290B appeal (Exhibit G).

Significantly, on February 21, 2020, the DHS wrote to the undersigned acknowledging receipt of the Plaintiff's Complaint, and that it would review the information concerning civil rights abuses by employees and officials (Exhibit H).

As a result, this action is procedurally proper.

## Conclusion

For the reasons set forth above, and to be described by Counsel on May 14, 2020, the Court's Order to Show Cause should be deemed satisfied, and the Plaintiff's Complaint be deemed complete and proper. In the event that any irregularities are deemed to exist, it is respectfully submitted that the Plaintiff should be granted leave to amend it.

**Dated:** May 5, 2020
New York, NY

Rahul Manchanda, Esq.
Manchanda Law Office PLLC
Attorneys for Plaintiff
30 Wall Street
8 Floor
New York, NY 10005
(212) 968-8600