UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SYLWIA EWELINA MADEJ MANCHANDA
and RAHUL D. MANCHANDA,

                Plaintiffs,

   -v-

ANDREA LEWIS, Immigration Services,
SUSAN QUINTANA, New York USCIS Field
Office Director, and UNITED STATES
CITIZENSHIP IMMIGRATION SERVICES,

                Defendants.
------------------------------------------------------------ X

Case No. 20 Civ. 1773 (GBD) (RWL)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2800
Fax: (212) 637-2370
E-mail: ilan.stein@usdoj.gov

ILAN STEIN
Assistant United States Attorney
– Of Counsel –

**PRELIMINARY STATEMENT**

Defendants Andrea Lewis ("Officer Lewis") and the United States Citizenship and Immigration Services ("USCIS," and together with Officer Lewis, "Defendants"),[1] by their attorney Audrey Strauss, Acting United States Attorney for the Southern District of New York, respectfully submit this reply memorandum in further support of their motion to dismiss Plaintiffs' Amended Complaint (Dkt. No. 32 ("Compl.")) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

As Defendants explained in their opening brief (Dkt. No. 39 ("Opening Brief" or "Opening Br.")), Plaintiffs' claims suffer from fundamental defects. Their <u>first</u> claim, under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), fails because they (1) have not exhausted their administrative remedies, and (2) fail to state a claim for abuse of process. Their <u>second</u> claim, under the Administrative Procedure Act, 5 U.S.C. ch. 5 ("APA"), fails because they (1) have not alleged a final agency action, and (2) have not adequately alleged that Officer Lewis's decision to issue a Stokes interview notice was arbitrary and capricious. Their <u>third</u> claim, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), should be dismissed because (1) the *Bivens* remedy does not extend to this new context and, alternatively, because (2) Plaintiffs do not allege a plausible due process claim. Their <u>fourth</u> claim, under 42 U.S.C. § 1983, fails because section 1983 does not apply to actions against the federal government or officers acting under color of federal law. Finally, their <u>fifth</u> claim, under 42 U.S.C. § 2000ee-1(e), should be dismissed because (1) section 2000ee-1(e) does not create a

---

[1] Plaintiffs also named USCIS Field Director Susan Quintana as a defendant. This Office has yet to obtain representation authority for Director Quintana, and therefore file this motion solely on behalf of Officer Lewis and USCIS. Because the claims against Director Quintana are not materially different from plaintiffs' other claims, *sua sponte* dismissal may be appropriate.

private right of action, and even if it did, (2) Plaintiffs have not alleged that they filed a complaint relating to the federal government's anti-terrorism efforts.

In their opposition brief, Plaintiffs largely ignore Defendants' arguments, choosing instead to advance unsupported and irrelevant (and at times impertinent and scandalous[2]) contentions.  (*See* Dkt. No. 41 ("Opposition Brief" or "Opp. Br.").)  Plaintiffs' failure to address many of Defendants' arguments concedes those issues.  *See Red Fort Cap. v. Guardhouse Prod.*, 397 F. Supp. 3d 456, 475 (S.D.N.Y. 2019).  Where Plaintiffs actually engage with the substance of Defendants' arguments, they fail to identify any case law or other authority that might persuade the Court that Plaintiffs' claims should survive the pending motion to dismiss.

Defendants therefore respectfully request that the Court grant their motion to dismiss in its entirety.  Defendants also request that the Court deny Plaintiffs' request for leave to amend their pleadings as any such amendment would be futile.

**ARGUMENT**

**I.    PLAINTIFFS' FTCA CLAIM SHOULD BE DISMISSED**

Plaintiffs' FTCA claim fails for either of two reasons:  Plaintiffs failed to exhaust their administrative remedies, and they failed adequately to allege the elements of the underlying tort, abuse of process.  Nothing in Plaintiffs' opposition brief suggests otherwise.

To be sure, Plaintiffs argue they exhausted their administrative remedies because they sent "correspondence" and "the original complaint filed with this Court" to USCIS on March 1,

---

[2] *See* Fed. R. Civ. P. 12(f).  Plaintiffs assert, for example, that Defendants' counsel and Your Honor are "hardcore leftist Jewish extremists, who have been incubated and raised in extreme Zionist environments, and have been ordered through their Rabbis and other Jewish Zionist leadership, to maintain an evil, petty, and insane crusade against the Plaintiff, his children, his family, and his law firm business, in ongoing, decades long, targeting and retaliation."  (Dkt. 41 at 20.)  This Office will not dignify these baseless and offensive statements with a response.

2

2020. (Opposition Br. 15.) They assert that "notice [to the agency] was provided in several forms, via letter and the pleading itself." (*Id.*) Yet in their Amended Complaint, Plaintiffs did not advance any allegations relating to that correspondence with USCIS; the Court should therefore decline to consider any such correspondence in deciding the pending motion to dismiss. *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a [Rule 12(b)(6)] motion to dismiss . . . , a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."). Moreover, Plaintiffs' March correspondence with USCIS does not satisfy the FTCA's exhaustion requirements. The relevant statutory provision, 28 U.S.C. § 2675(a), states that a plaintiff exhausts his administrative exhaustion only if, before filing suit, he "first presented the claim to the appropriate Federal agency and his claim . . . [has] been finally denied by the agency in writing and sent by certified or registered mail." Here, Plaintiffs filed suit on February 28, 2020, *before* any alleged correspondence with USCIS. (*See* Dkt. No. 1.) This Court therefore lacks jurisdiction over Plaintiffs' FTCA claim. *See Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004).

Even if Plaintiffs had exhausted their administrative remedies, their FTCA claim would still fail because they cannot state a valid claim for abuse of process. As Defendants explained in their Opening Brief, to state an abuse-of-process claim, a plaintiff must allege that the defendant initiated a legal process against her. (Opening Br. 8.) New York courts have held that "process" must be "issued by or filed in a court." *Glaser v. Kaplan*, 170 N.Y.S.2d 522, 525 (2d Dep't 1958); *see also Walia v. Holder*, 59 F. Supp. 3d 492, 512 (E.D.N.Y. 2014) (concluding that plaintiff failed to advance a viable abuse of process claim because he did not allege that defendants "obtained any *court* issued process"). Here, the only party that has initiated any

3

process at all are Plaintiffs. Plaintiffs therefore cannot assert a valid claim for abuse of process. In their opposition brief, Plaintiffs utterly ignore this argument. They assert that Officer Lewis "intentionally sent immigration notices to the wrong address" and Mr. Manchanda's immigration clients have had their citizenship applications "summarily sabotaged/delayed/denied." (Opp. Br. 23, 25.) Even if those allegations were true, which Defendants do not concede, they would not change the fact that Defendants have not initiated a legal process against Plaintiffs in Court.

For these reasons, Plaintiffs' FTCA claim fails.

## II.  PLAINTIFFS' *BIVENS* CLAIM SHOULD BE DISMISSED

The Court should similarly dismiss Plaintiffs' *Bivens* claim for either of two reasons: the *Bivens* remedy does not reach Plaintiffs' allegations, and Plaintiffs have failed to advance a valid constitutional claim.

As argued in Defendants' Opening Brief, this Court should not extend the *Bivens* remedy to the novel context presented here. For the past four decades, the Supreme Court has not recognized any new *Bivens* claims. In *Abbasi*, the Supreme Court observed that there has been a "notable change to the Court's approach to recognizing implied causes of action," and that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). In its most recent decision on the issue, the Court noted that "if the Court's three *Bivens* cases [had] been . . . decided today,' it is doubtful that [it] would have reached the same result." *Hernandez v. Mesa*, 140 S. Ct. 735, 742-43 (2020). When asked to extend *Bivens*, the Court engages in a two-step inquiry: First, it asks "whether the request involves a claim that arises in a new context or involves a new category of defendants"; second, it asks "whether there are any special factors that counsel hesitation." *Id.* at 743 (brackets and quotation marks omitted).

4

Plaintiffs do not dispute that their *Bivens* claim arises in a new context. They argue instead that there are no special factors that counsel hesitation in extending the *Bivens* remedy. Their sole basis for this position is that one district court in this Circuit has concluded that the availability of a FTCA claim does not preclude a *Bivens* claim. (Opp. Br. 26-27 (quoting *Diaz v. Mercurio*, No. 19 Civ. 1319 (AT), 2020 WL 1082482, at *6 (S.D.N.Y. Mar. 5, 2020)).) This argument fails for several reasons. First, Plaintiffs need not rely exclusively on the FTCA as they have additional avenues for relief, including under the APA once there has been a final agency action; *Diaz* is therefore inapposite. (*See* Dkt. No. 32.) Second, on the narrow issue addressed in *Diaz*—whether an FTCA precludes a *Bivens* remedy—the majority view among district courts in this Circuit is that the availability of an FTCA claim is dispositive. *See Oliveras v. Basile*, 440 F. Supp. 3d 365, 374-76 (S.D.N.Y. 2020); *Martinez v. D'Agata*, No. 16 Civ. 44 (VB), 2019 WL 6895436, at *7 (S.D.N.Y. Dec. 18, 2019); *Turkmen v. Ashcroft*, No. 02 Civ. 2307 (DLI) (SMG), 2018 WL 4026734, at *11 (E.D.N.Y. Aug. 13, 2018). This Office respectfully submits that the majority view is correct and that *Diaz* incorrectly relied on pre-*Abbasi* cases in concluding otherwise.

Third, even if *Diaz* were correct, the Court should still decline to extend the *Bivens* remedy to this new context because separation-of-powers concerns counsel hesitation. Whether to grant an adjustment of status, and how to conduct an adjustment-of-status interview, implicates public policy considerations. (Opening Br. 14-15.) Implying a right of action in adjustment-of-status cases could affect immigration decisions and, by extension, the nation's foreign policy. *El Badrawi v. Dep't of Homeland Security*, 579 F. Supp. 2d 249, 263 (D. Conn. 2008) ("Essentially all aspects of the relationship between the federal government and its alien visitors are ones that will implicate foreign relations concerns."). If the Court were to recognize

a new cause of action available to those seeking adjustments of status, it could affect immigration policy and may implicate the nation's foreign relations. *Id.* That alone is reason not to extend the *Bivens* remedy to this context.

In addition to all these dispositive deficiencies, if the Court were to extend the *Bivens* remedy to this new context, it should still dismiss Plaintiffs' *Bivens* claim because Plaintiffs have not asserted a valid due process claim. As noted in Defendants' Opening Brief, courts in this Circuit have held that plaintiffs have "no constitutionally protected liberty or property interest in [adjustment-of-status] proceedings' outcome." (Opening Br. 15 (quoting *Mahon v. Johnson*, 321 F. Supp. 3d 320, 325 n.2 (E.D.N.Y. 2018)). Plaintiffs' due process claim fails because there is no constitutionally protected liberty or property interest when a petitioner seeks adjustment of status. (*Id.* (citing *Singh v. Mukasey*, 263 F. App'x 161, 164 (2d Cir. 2008); *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *Ragbir v. Lynch*, 640 F. App'x 105, 108 (2d Cir. 2016).)

In any event, as argued in Defendants' Opening Brief, Plaintiffs have failed to advance well-pleaded allegations that give rise to an inference of discrimination. (*Id.* at 16.) In their opposition brief, Plaintiffs have not even attempted to identify allegations that give rise to an inference of discrimination, nor any case law suggesting that they have a valid due process claim. In fact, they do not address these issues at all, effectively conceding the point. *See Cole v. Blackwell Fuller Music Pub.*, No. 16 Civ. 7014 (VSB), 2018 WL 4680989, at *7 (S.D.N.Y. Sept. 28, 2018) (collecting cases holding that plaintiff's failure to address an argument in its opposition brief concedes the issue).

For these reasons, Plaintiffs' *Bivens* claim should be dismissed.

### III.    PLAINTIFFS' APA CLAIM SHOULD BE DISMISSED

In their Opening Brief, Defendants identified two grounds for dismissal of Plaintiffs' APA claim. First, Plaintiffs failed to allege a final agency action, as they must to state a viable claim for relief. (Opening Br. 18; *see* 5 U.S.C. § 704.) Second, Plaintiffs failed adequately to allege that the decision to issue a Stokes interview notice was arbitrary and capricious. (*Id.* at 19.) In their Opposition Brief, Plaintiffs do not respond to the argument that there has not been any final agency action. Nor could they: Plaintiffs themselves allege that their adjustment-of-status application remains pending, and the agency is seeking to adjudicate Plaintiffs' request by holding a Stokes interview. (*See* Am. Compl. ¶ 57.) That dooms Plaintiffs' APA claim. *See Sharkey v. Quarantillo*, 541 F.3d 75, 87 (2d Cir. 2008) ("review under the APA is limited to review of 'final agency action'" (quoting 5 U.S.C. § 704)); *Air Espana v. Brien*, 165 F.3d 148, 152 (2d Cir. 1999) ("The APA…requirement of finality is jurisdictional.").

Plaintiffs' response to Defendants' second argument—regarding Plaintiffs' failure to allege an arbitrary and capricious act—is similarly ineffective. Plaintiffs assert, in conclusory terms, that "Defendants' actions that led to the required Stokes Interview were arbitrary, capricious, and an abuse of discretion." (Opp. Br. 28.) Yet they do not engage with Defendants' argument regarding the conclusory nature of their allegations. Nor do they explain how their retaliation claim could survive despite their failure to allege that Officer Lewis knew about their complaint against her. Their failure to engage with Defendants' arguments is especially striking given that the most plausible explanation for Officer Lewis's alleged conduct comes from the nature of an adjustment-of-status interview, which is commonly and properly used by immigration officials to assess the bona fides of marriages that are used as the basis for an application for immigration relief. *See Huarcaya v. Mukasey*, 550 F.3d 224, 226 (2d Cir. 2008).

### IV.   PLAINTIFFS' SECTION 1983 CLAIM SHOULD BE DISMISSED

In response to Defendants' argument that Plaintiffs' section 1983 claim should be dismissed because section 1983 does not apply to the federal government, Plaintiffs assert that "magic words are not necessary, as a party simply needs to allege an unlawful state action." (Opp. Br. 30. (citing *United States v. Price*, 383 U.S. 787, 794 n.7 (1966)). Plaintiffs fundamentally misconstrue Defendants' argument. It is not that Plaintiffs failed to use "magic words" to describe Defendants' conduct. It is, rather, that section 1983 does not apply to the federal government or its officers acting under color of federal law. *See Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.4 (2d Cir. 1991). When a section 1983 claim is brought against a federal official acting under color of federal law, courts construe the claim as having been brought pursuant to *Bivens*. *DeMartino v. New York*, No. 12 Civ. 3319 (SJF), 2013 WL 3226789, at *5 (E.D.N.Y. June 24, 2013). Because Officer Lewis and others at USCIS were acting under color of federal law, rather than state law, at all times relevant to Plaintiffs' allegations, the Court should dismiss Plaintiffs' section 1983 claim. *See* 42 U.S.C. § 1983.

## V.     PLAINTIFFS' SECTION 2000ee-1(e) CLAIM SHOULD BE DISMISSED

Finally, Plaintiffs fail to explain why their claim under 42 U.S.C. § 2000ee-1(e) should survive Defendants' motion. *First*, section 2000ee-1 does not create a private right of action. Nothing in the statutory provision states that individuals have private legal or procedural remedies for any violations, *see* 42 U.S.C. § 2000ee-1, and this Court should decline to imply a private right of action because nothing suggests that Congress intended to create any such remedy. Where the statute does not provide an express right, courts "begin with the presumption that Congress did not intend one." *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 116 (2d Cir. 2007). "It is logical . . . to assume that Congress will be explicit if it intends to create a private cause of action." *Abbasi*, 137 S. Ct. at 1856. And, as the Supreme Court has explained, "[t]he

8

Court's recent precedents cast doubt on the authority of courts to extend or create private causes of action even in the realm of domestic law, where this Court has recently and repeatedly said that a decision to create a private right of action is one better left to legislative judgment in the great majority of cases." *Jesner v. Arab Bank, PLC*, 138 S. Ct. 1386, 1402 (2018).

No court has created a private right of action under section 2000ee-1(e), and Plaintiffs have not identified any reason for this Court to become the first to create such a right. Plaintiffs argue that this Court should imply a private right because the statute does not provide an alternative enforcement mechanism. But the lack of an enforcement mechanism is consistent with the statutory scheme, which does not create private rights but instead creates mechanisms for federal agencies "to protect the Nation from terrorism" and "ensure that liberty concerns are appropriately considered in the development and implementation of laws . . . related to efforts to protect the Nation against terrorism." 42 U.S.C. § 2000ee. Moreover, Plaintiffs are wrong to suggest that there is no enforcement mechanism: Plaintiffs could assert an APA claim to challenge an agency action that violates section 2000ee-1(e). This Court should therefore be particularly reluctant to imply a private right of action. *See Kinneary v. City of New York*, 358 F. Supp. 2d 356, 360 (S.D.N.Y. 2005) (concluding that the availability of APA review militates against implying a parallel private right of action).

*Second*, even if there were an implied right of action, Plaintiffs' claim would still fail because they have not alleged that they filed a complaint "relating to the efforts to protect the Nation from terrorism." 42 U.S.C. § 2000ee-1(e). Plaintiffs assert, conclusorily, in their Opposition Brief that Officer Lewis has connections to "leftist terrorist organizations." (Opp. Br. 32.) Yet no similar allegation appears in the Amended Complaint (*see* Am. Compl.), and in any event conclusory allegations are not assumed true for purposes of motions to dismiss. *See Iqbal*,

9

556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  More importantly, Plaintiffs' complaint against Officer Lewis is not terrorism-related.  Plaintiffs' complaint concerns Officer Lewis's behavior during an adjustment-of-status interview, behavior that Plaintiffs characterize as "racist, harassing, threatening, intimidating, illegal, unlawful, dishonest, unfair, fraudulent, tyrannical, corrupt, deceitful, intentionally and negligently, tortious, manipulative, and incompetent."  (Am. Compl. ¶ 4.)  This Office does not agree with that characterization, but even if those allegations were true, they would not establish that Plaintiffs' complaint related to anti-terrorism efforts.  Plaintiffs' section 2000ee-1(e) claim therefore fails.

## PLAINTIFFS SHOULD NOT BE PERMITTED TO AMEND THEIR PLEADINGS

The Court should deny Plaintiffs' request for leave to further amend their pleadings because any such amendment would be futile.  *See Gaughan v. Rubenstein*, 261 F. Supp. 3d 390, 412 (S.D.N.Y. 2017).   No amendments could save any of Plaintiffs' claims:  Plaintiffs' failure to exhaust their administrative remedies and to state a claim for abuse of process doom their FTCA claim; their *Bivens* claim fails because the *Bivens* remedy simply does not extend to this context and Plaintiffs cannot assert a valid claim for a violation of their due process rights; Plaintiffs' APA claim fails because there has been no final agency action nor any arbitrary or capricious action; Plaintiffs cannot assert a section 1983 claim against the federal government or federal officials acting under color of federal law; and their section 2000ee-1(e) cannot be resurrected because the statute concerns terrorism, not adjustments of status, and does not create a private right of action.  No revisions could cure these fundamental defects in Plaintiffs' claims.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Amended Complaint with prejudice.

Dated:    August 31, 2020
             New York, New York

                                          Respectfully submitted,

                                          AUDREY STRAUSS
                                          Acting United States Attorney for the
                                          Southern District of New York
                                          *Attorney for Defendants*

By:      /s/ Ilan Stein

                                          ILAN STEIN
                                          Assistant United States Attorney
                                          86 Chambers Street, 3rd Floor
                                          New York, New York 10007
                                          Tel.: (212) 637-2800
                                          Fax: (212) 637-2730
                                          E-mail: ilan.stein@usdoj.gov