UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SYLWIA EWELINA MADEJ MANCHANDA
and RAHUL D. MANCHANDA,

              Plaintiffs,

    -v-

ANDREA LEWIS, Immigration Services,
SUSAN QUINTANA, New York USCIS Field
Office Director, and UNITED STATES
CITIZENSHIP IMMIGRATION SERVICES,

              Defendants.
------------------------------------------------------------ X

No. 20 Civ. 1773 (GBD) (RWL)


**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO
THE REPORT AND RECOMMENDATION GRANTING
DEFENDANTS' MOTION TO DISMISS**


AUDREY STRAUSS
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2800
Fax: (212) 637-2370
E-mail: ilan.stein@usdoj.gov

ILAN STEIN
 Assistant United States Attorney
 – Of Counsel –

Defendants Andrew Lewis ("Officer Lewis"), Field Office Director Susan Quintana ("FOD Quintana") and the United States Citizenship and Immigration Services ("USCIS," and collectively, "Defendants"), by their attorney, Audrey Strauss, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law, pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), in response to the March 8, 2021 objection ("Objection") by Plaintiffs Sylwia Ewelina Madej Manchanda and Rahul D. Manchanda ("Plaintiffs"), ECF No. 48, to the Report and Recommendation of Magistrate Judge Robert W. Lehrburger, dated February 23, 2021, ECF No. 46, ("Report" or "R&R").

The Objection fails to identify any basis to reject the well-reasoned R&R.  For the reasons set forth below, the Court should reject Plaintiffs' Objection and grant Defendants' motion to dismiss the Amended Complaint.

## PRELIMINARY STATEMENT

Plaintiffs advance five claims in this lawsuit, including under section 1983; 42 U.S.C. § 2000ee-1(e); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); the Federal Tort Claims Act ("FTCA"); and the Administrative Procedure Act ("APA"). Magistrate Judge Lehrburger correctly concluded that each of these claims lacks merit.  As the R&R states, section 1983 claim does not apply to the federal government or its officers acting under color of federal law; section 2000ee-1(e) does not create a private right of action; the *Bivens* remedy does not extend to the context presented here; Plaintiffs failed to exhaust their administrative remedies as required under the FTCA; and Plaintiffs fail to allege either a final agency action or unreasonably delayed agency action in support of their APA claim.  Magistrate Judge Lehrburger therefore recommended that the section 1983, section 2000ee-1(e), and *Bivens*

claims be dismissed with prejudice, and that the FTCA and APA claims be dismissed without prejudice.  *See* R&R at 24.

Plaintiffs do not challenge Magistrate Judge Lehrburger's recommendation to dismiss their section 1983, section 2000ee-1(e), and *Bivens* claims with prejudice, and have therefore waived any objections thereto.  *See Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (failure to object to portion of magistrate's report and recommendation ordinarily will constitute waiver of challenge to that aspect of report).  Plaintiffs do object to the Report's conclusion regarding their FTCA and APA claims.  They contend that they fulfilled the FTCA's exhaustion requirement by filing complaints with the Department of Homeland Security's Office for Civil Rights and Civil Liberties ("CRCL") on February 13, 2020, and with the USCIS Phoenix Lockbox on March 1, 2020, and filing a SF-95 on March 6, 2020.  With respect to the APA claim, they assert that USCIS's decision to schedule a Stokes interview constitutes a final agency action.

They are incorrect on both fronts.  Contrary to Plaintiffs' argument, Magistrate Judge Lehrburger correctly concluded that Plaintiffs failed to exhaust their administrative remedies. Indeed, the complaints Plaintiffs filed with CRCL and USCIS do not contain demands for money damages and therefore are not "claims" for purposes of the FTCA.  In any event, even if those complaints constituted "claims," Plaintiffs filed this action prematurely.  They commenced this litigation just 15 days after they filed their first complaint with CRCL, and *before* they filed their complaint with USCIS and their SF-95.  The FTCA expressly requires that plaintiffs wait to file suit until after a final denial of their administrative claims.  But even if Plaintiffs were correct that they exhausted their administrative remedies—which they did not—the Court should still dismiss their FTCA claim because Plaintiffs fail to state a claim for abuse of process.

Plaintiffs' APA argument similarly fails: The decision to schedule a Stokes interview is interlocutory in nature, and has not affected or determined any of Plaintiffs' rights or obligations. As Magistrate Judge Lehrburger correctly concluded, Plaintiffs do not adequately allege any final agency decision that they might challenge in this litigation. To the extent this Court disagrees, it should still dismiss Plaintiffs' APA claim because Plaintiffs have failed to allege that the agency action at issue was arbitrary or capricious.

## BACKGROUND

As set forth in greater detail in Defendants' memorandum of law in support of their motion to dismiss, ECF No. 39 ("Opening Br."), Plaintiffs Sylwia Ewelina Madej Manchanda ("Madej"), a non-citizen of the United States, and Rahul D. Manchanda, a U.S. citizen, are seeking the adjustment of Madej's status under the immigration laws based on their alleged marriage. Opening Br. at 1. They were interviewed in connection with that application on February 13, 2020. *Id.* at 3. They allege that Officer Lewis, who conducted Plaintiffs' adjustment-of-status interview, made inappropriate comments, asked improper questions, and declined to adjust Madej's status to that of lawful permanent resident. *Id.* at 3-4. They further allege that Officer Lewis and her colleagues retaliated against them after they filed a complaint against Officer Lewis on February 13, 2020. *Id.* at 4. On February 27, 2020, Madej received notice to appear for a Stokes interview. *Id.* Plaintiffs then filed a second complaint against Officer Lewis, after which, they claim, FOD Quintana began to retaliate against them. *Id.*

On February 28, 2020, Madej filed a Complaint in this Court against Officer Lewis, advancing claims under section 1983 and section 2000ee-1(e). ECF No. 1. On June 15, 2020, Plaintiffs filed an Amended Complaint, adding FTCA, APA, and *Bivens* claims. ECF No. 32. On July 31, 2020, Defendants filed their motion to dismiss the Amended Complaint. Magistrate

4

Judge Lehrburger's February 23, 2021 Report recommends that the Court grant Defendants' motion to dismiss.  ECF No. 46.

## STANDARD OF REVIEW

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Pursuant to Federal Rule of Civil Procedure 72(b), a party may make "specific written objections to the proposed findings and recommendations" within 14 days of being served with a copy of a magistrate judge's recommended disposition.  Fed. R. Civ. P. 72(b)(2).  Where a party submits an objection to a report and recommendation, the district court reviews the parts of the report to which the party objected under a *de novo* standard of review.  *See* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  "When no timely objection is made to a magistrate judge's report, a district court may adopt the report unless a 'clear error on the face of the record' is present."  *Johnson v. New York Univ.*, No. 17 Civ. 6184 (VEC), 2018 WL 4908108, at *3 (S.D.N.Y. Oct. 10, 2018).

## ARGUMENT

**I.     MAGISTRATE JUDGE LEHRBURGER CORRECTLY CONCLUDED THAT PLAINTIFFS' FTCA CLAIM FAILS**

Plaintiffs identify no valid basis to overturn Magistrate Judge Lehrburger's conclusion that Plaintiffs failed to exhaust their administrative remedies and that their FTCA claim should therefore be dismissed.  Plaintiffs present two arguments.  First, they claim that documents they attach to their Objection demonstrate that they exhausted their remedies.  Second, they assert that exhaustion of remedies may be waived.

Plaintiffs are incorrect.  To begin, none of the documents attached to their Objection undermines Magistrate Judge Lehrburger's conclusion that they failed to exhaust their

administrative remedies. Under the FTCA, a claim is not filed until a federal agency "receives from a claimant written notification of an incident 'accompanied by a claim for money damages in a sum certain for injury to or loss of property.'" *Johnson v. The Smithsonian Institution*, 189 F.3d 180, 190 (2d Cir. 1999) (citing 28 C.F.R. § 14.2(a)). The FTCA further requires that, before a plaintiff files suit, he waits until "his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The agency is deemed to have denied a claim if it fails to act on it within six months of receipt. *Id.*

Plaintiffs attach three relevant documents to their Objection: an SF-95, dated March 6, 2020, and complaints filed with CRCL and USCIS Phoenix Lockbox on February 13, 2020 and March 1, 2020, respectively. Neither of the complaints Plaintiffs filed with CRCL and USCIS Phoenix Lockbox includes a claim for money damages. *See* ECF No. 48-3, 48-4. Therefore, neither constitutes a "claim" for FTCA purposes. The only "claim" Plaintiffs have filed is the SF-95, ECF No. 48-1, which they filed on March 6, 2020, 6 days *after* they initiated the instant litigation. Strikingly, on their SF-95, they respond to questions regarding the basis of their claim and the damages they seek by writing, "SEE ATTACHED AMENDED SUMMONS & COMPLAINT SDNY CASE INDEX 1:20-CV-1773." *Id.* There can be no clearer indication that Plaintiffs failed to exhaust their administrative remedies before filing suit, as required under the FTCA. 28 U.S.C. § 2675(a). That jurisdictional deficiency is fatal to Plaintiff's claim: Plaintiffs are not permitted to cure any such deficiency in the context of this litigation. *See, e.g.*, *MBE Cap. Partners LLC v. AVPOL Int'l LLC*, No. 17 Civ. 5992 (PGG), 2019 WL 568687, at *5 (S.D.N.Y. Feb. 11, 2019) ("[T]he fact that six months have passed since Plaintiff submitted its claim to the [agency] does not cure the jurisdictional defect. The requirement that prematurely filed FTCA claims be dismissed holds even when the FTCA claims would be ripe if re-filed at

the date of the court's decision."); *see also Thomas v. City of New York*, No. 19 Civ. 11028 (CM), 2020 WL 353575, at *3 (S.D.N.Y. Jan. 17, 2020) (dismissing without prejudice FTCA claim where plaintiff had failed to exhaust administrative remedies); *Morgan v. Ward*, No. 14 Civ. 7921 (GHW), 2016 WL 427913, at *4 (S.D.N.Y. Feb. 2, 2016) (same).

Plaintiffs also contend that courts may waive the exhaustion requirement. Not so. The Second Circuit has long held that the FTCA's exhaustion requirement "is jurisdictional and cannot be waived." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (citations omitted). Plaintiffs identify no case law to suggest otherwise. The case they rely on primarily—*McCarthy v. Madigan*, 503 U.S. 140 (1992)—is inapposite. *McCarthy* involved a *Bivens* action brought by a federal inmate, not a FTCA action. *See generally id.* Moreover, *McCarthy* has been superseded by statute, as recognized in *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (concluding that, under the Prison Litigation Reform Act, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory").

But even if Plaintiffs' exhaustion arguments had merit—which they do not—the Court should still dismiss Plaintiffs' FTCA claim because Plaintiffs have failed adequately to allege the elements of the underlying tort, abuse of process. Under New York law, an abuse of process claim requires a plaintiff to allege that the defendant "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act; (2) with intent to do harm without excuse or justification; and (3) in order to obtain a collateral objective that is outside legitimate ends of process.'" *Williams v. Young*, 769 F. Supp. 2d 594, 603 (S.D.N.Y. 2011) (quoting *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003)).

To state a claim for abuse of process, the plaintiff must allege that the defendant initiated a legal process against her. "Process is a direction or demand that the person to whom it is

7

directed shall perform or refrain from the doing of some described act." *Williams v. Williams*, 298 N.Y.2d 592, 596 (1969). New York courts have held that "process" must be "issued by or filed in a court." *Glaser v. Kaplan*, 170 N.Y.S.2d 522, 525 (2d Dep't 1958); *see also Walia v. Holder*, 59 F. Supp. 3d 492, 512 (E.D.N.Y. 2014) (concluding that plaintiff failed to advance a viable abuse of process claim because he did not allege that defendants "obtained any *court* issued process"). Here, the only party that initiated any process at all are Plaintiffs. Defendants never initiated a process against Plaintiffs, much less one in court. Plaintiffs have not identified—and this Office is not aware of any—instance in which an abuse of process claim has been found to apply to adjustment of status proceedings, or for that matter in any context where plaintiffs initiated the administrative proceeding that defendants allegedly abused.

Moreover, courts have concluded that, under New York law, a plaintiff must allege special damages in order to state a claim for abuse of process. *See Kanciper v. Lato*, 989 F. Supp. 2d 216, 237 (E.D.N.Y. 2013) (citing *Morea v. Saywitz*, 09-CV-4410, 09-CV-3935 (IEG) (CAB), 2010 WL 475302, at *3 (E.D.N.Y. Feb. 8, 2010)); *see also Bd. of Educ. of Farmingdale Union Free Sch. Dist. v. Farmingdale Classroom Teachers Assoc.*, 38 N.Y.2d 397, 405 (1975). Plaintiffs have not alleged any such damages.

For these reasons, Plaintiffs' FTCA claim should be dismissed.

## II. MAGISTRATE JUDGE LEHRBURGER CORRECTLY CONCLUDED THAT PLAINTIFFS' APA CLAIM FAILS

Plaintiffs' Objection to Magistrate Judge Lehrburger's recommendation to dismiss their APA claim similarly fails. They argue that "Magistrate Lehrburger errs in concluding that no reviewable 'final agency action' has occurred when an I-485/I-130 adjustment of status and petition for relative ends in requiring a Stokes Interview." ECF No. 48 at 16. In their view, a decision to schedule a Stokes interview is a final agency action because it is "intrusive" and

"premised on an agency conclusion that the application (and the marriage itself) is fraudulent." ECF No. 48 at 16.

Not so.  For an agency action to be "final," two conditions must be met:  First, it must "mark the consummation of the agency's decision-making process—it must not be of a merely tentative or interlocutory nature.  Second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow."  *Bennet v. Spear*, 520 U.S. 154, 177-78 (1997).  Neither condition is met here.  No agency decision has been consummated: Plaintiffs' adjustment of status application remains pending, and the agency is actively seeking to adjudicate Plaintiffs' request, as evidenced by the Stokes interview notice sent to Plaintiffs. Plaintiffs themselves appear to appreciate this; in their Objection, they themselves characterize the Stokes interview as a "final investigative remedy [sic]." ECF No. 48 at 17.  In other words, they acknowledge that the Stokes interview is part of USCIS's investigation.  It is not, in itself, a final agency action.  Rather, the decision to schedule a Stokes interview is interlocutory in nature, and does not affect or determine Plaintiffs' rights or obligations.  This Court therefore lacks subject matter jurisdiction over Plaintiffs' claim.  *Air Espana v. Brien*, 165 F.3d 148 152 (2d Cir. 1999) ("The APA…requirement of finality is jurisdictional.").

Even if that were not so, the Court should still dismiss Plaintiffs' APA claim on the alternative basis that Plaintiffs have failed adequately to allege that the decision to issue a Stokes interview notice was arbitrary and capricious.  Plaintiffs assert, in conclusory terms, that Officer Lewis issued the Stokes interview notice to retaliate against them for filing complaints against her.  Yet, as discussed in Defendants' memorandum of law in support of their motion to dismiss, Plaintiffs do not allege that Officer Lewis knew that Plaintiffs had filed a complaint at all. Opening Br. 19.  Instead, their sole relevant allegation is that Officer Lewis issued the Stokes

interview notice after they had filed a complaint against Officer Lewis.  *Id.*  Without more, that is insufficient to establish that Officer Lewis knew about their complaint against her, much less that she issued a Stokes interview notice to retaliate against them.  *Id.*  This is especially so because a more plausible explanation comes from the nature of an adjustment-of-status interview, which is commonly and properly used by immigration officials to assess the bona fides of marriages that are used as the basis for immigration relief.  *Id.*

## CONCLUSION

For the foregoing reasons, the Court should reject Plaintiff's Objection, adopt Magistrate Judge Lehrburger's recommendations in full, and dismiss the Amended Complaint.

Dated:   March 15, 2021
         New York, New York

                              Respectfully submitted,

                              AUDREY STRAUSS
                              United States Attorney for the
                              Southern District of New York
                              *Attorney for Defendants*

                    By:    /s/ Ilan Stein
                              ILAN STEIN
                              Assistant United States Attorney
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Tel.: (212) 637-2525
                              Fax: (212) 637-2730
                              E-mail: ilan.stein@usdoj.gov