UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 30 2021

SYLWIA EWELINA MADEJ MANCHANDA and :
RAHUL D. MANCHANDA, :
: MEMORANDUM DECISION
Plaintiffs, : AND ORDER
:
-against- : 20 Civ. 1773 (GBD) (RWL)
:
ANDREA LEWIS, SUSAN QUINTANA, U.S. :
CITIZENSHIP AND IMMIGRATION SERVICES, :
and DOES 1–5, :
:
Defendants. :
------------------------------------x

GEORGE B. DANIELS, United States District Judge:

Plaintiffs Rahul D. Manchanda and Sylwia Ewelina Madej Manchanda, husband and wife, bring this action against Defendants Andrea Lewis, an Immigration Services Officer; Susan Quintana, Director of the New York City Field Office, U.S. Citizenship and Immigration Services ("USCIS"); USCIS; and Does 1–5. (Am. Compl., ECF No. 32.) Plaintiffs' claims center around an adjustment of status interview conducted on February 13, 2020 in connection with Sylwia Ewelina Madej Manchanda's application to become a permanent resident of the United States, and Plaintiffs' subsequent complaint to the U.S. Department of Justice ("DOJ") and Department of Homeland Security ("DHS") regarding the interview.[1] (*Id.* ¶¶ 34–35, 51.) Plaintiffs allege that they were the last to be interviewed in a room of hundreds of people. (*Id.* ¶ 37.) Moreover, Plaintiffs contend that while they waited to be interviewed, they were subjected to mocking comments from various USCIS officers. (*Id.* ¶ 38.) Plaintiffs further claim that ISO Lewis, who conducted their interview, insinuated that their marriage was fraudulent and mocked Rahul

---

[1] Plaintiffs' "formal complaint" to DOJ and DHS is attached as Exhibit A to Plaintiffs' amended complaint (the "February 13 Claim"). (ECF No. 32-1.)

Manchanda's profession as a New York City immigration lawyer. (February 13 Claim at 2.) ISO Lewis, who is African-American, also allegedly made subtly racist comments to both Rahul Manchanda, who is Indian-American, and Sylwia Ewelina Madej Manchanda, who is Caucasian and from Poland. (*Id.*; Am. Compl. ¶¶ 39–40.) Plaintiffs contend that after the interview, they filed a "formal complaint and request for an investigation with the civil rights divisions of the [DOJ] and [DHS]" regarding the "abusive behavior" of ISO Lewis. (Am. Compl. ¶ 51.)

Plaintiffs further claim that Defendants took retaliatory action against them for seeking an investigation of ISO Lewis. (*Id.* ¶¶ 53–67.) First, Plaintiffs allege that Rahul Manchanda received a series of peculiar, harassing communications from a purported DHS/USCIS federal employee. (*Id.* ¶¶ 54–56.) Second, Plaintiffs point to the fact that ISO Lewis scheduled a follow-up, so-called "Stokes Interview" with Plaintiffs, (*id.* ¶ 57), which is conducted to determine whether a marriage was entered into for the purpose of evading immigration laws. Finally, Plaintiffs contend that after they filed a second request to investigate the conduct of ISO Lewis, Director Quintana has denied "every single case that [Rahul] Manchanda files on behalf of his private immigration clients." (*Id.* ¶ 64.)

Based on these allegations, Plaintiffs assert five causes of action against Defendants in their amended complaint. Specifically, Plaintiffs allege violations of 42 U.S.C. § 1983; a provision of the Intelligence Reform and Terrorism Prevention Act, 42 U.S.C. § 2000ee-1(e); the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680; and the Administrative Procedure Act (the "APA"). (Compl. ¶¶ 69–97, 107–125.) Plaintiffs also raise a *Bivens* claim, alleging violations of their "constitutional right to substantial and procedural due process." (*Id.* ¶¶ 98–106.) Defendants move to dismiss Plaintiffs' amended complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Notice of Mot., ECF No. 38.)

Before this Court is Magistrate Judge Robert W. Lehrburger's February 23, 2021 Report and Recommendation (the "Report"), recommending that Defendants' motion be granted, but that Plaintiffs' FTCA and APA claims be dismissed without prejudice.[2] (Report, ECF No. 46, at 1, 24.) Magistrate Judge Lehrburger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 24.) Plaintiffs filed timely objections. (Pl.'s Objs. to R. & R. of Magistrate Judge Granting Defs.' Mot. to Dismiss ("Pls.' Objs."), ECF No. 48.) Defendants submitted a response to Plaintiffs' objections, (Defs.' Resp. to Pls.' Objs. to the R. & R. Granting Defs.' Mot. to Dismiss, ECF No. 49), and Plaintiffs filed further reply, (Reply to Def.'s Resp. to Pl.'s Objs. to R. & R. of Magistrate Judge Granting Defs.' Mot. to Dismiss ("Pls.' Reply"), ECF No. 50). Having reviewed the Report, as well as Plaintiffs' objections and the parties' subsequent filings, this Court adopts the Report and overrules the objections. Defendants' motion to dismiss is GRANTED to the extent that Plaintiffs' 42 U.S.C. § 1983, 42 U.S.C. § 2000ee-1(e), and *Bivens* claims are dismissed with prejudice, while Plaintiffs' FTCA and APA claims are dismissed without prejudice.

## I. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its

---

[2] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein. (Report at 1–6.)

3

own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Objections must be "specific and clearly aimed at particular findings" in the report. *Harden v. LaClaire*, No. 07 Civ. 4592 (LTS) (JCF), 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008). Accordingly, the clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

### B. Motions to Dismiss for Failure to State a Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or

4

incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

## II. PLAINTIFFS' § 1983, § 2000ee-1(e), AND BIVENS CLAIMS ARE DISMISSED WITH PREJUDICE

Magistrate Judge Lehrburger appropriately determined that Plaintiffs' § 1983, § 2000ee-1(e), and *Bivens* claims should be dismissed with prejudice. (Report at 9–18.) First, Magistrate Judge Lehrburger correctly noted that Plaintiffs' § 1983 claim fails, because § 1983 does not apply to actions against the federal government or its officers acting under color of federal law. (*Id.* at 9–11.) Second, Magistrate Judge Lehrburger conducted a careful review of § 2000ee-1 and determined that the statute does not create a private right of action. (*Id.* at 9, 11–14.) Finally, Magistrate Judge Lehrburger surveyed the limited instances in which the Supreme Court has recognized a valid *Bivens* claim for Constitutional violations by federal officials. (*Id.* at 14–18.) Magistrate Judge Lehrburger appropriately concluded that it would be improvident to extend *Bivens* claims to include due process challenges to adjustment of status applications. (*Id.*)

5

Neither party objects to these determinations.[3] This Court has reviewed this portion of the Report and finds no error, clear or otherwise. Plaintiffs' § 1983, § 2000ee-1(e), and *Bivens* claims are dismissed with prejudice.

## III. PLAINTIFFS' FTCA AND APA CLAIMS ARE DISMISSED WITHOUT PREJUDICE

Magistrate Judge Lehrburger recommended that this Court dismiss Plaintiffs' claims under the FTCA and APA without prejudice. (*Id.* at 9–10.) Plaintiffs object to both recommendations.

### A. The FTCA Claim.

As to Plaintiffs' FTCA claim, Magistrate Judge Lehrburger found that Plaintiffs have not exhausted their administrative remedies as required by statute. Before filing an FTCA action, a claimant must "first present[] the claim to the appropriate Federal agency and his claim [must be] finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Alternatively, if the agency fails to issue a written final determination within six months of the date the claim is filed, the claimant may then initiate a FTCA action in federal district court. *See id.* The exhaustion requirement "is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76, 82 (2d Cir. 2005).

Magistrate Judge Lehrburger identified four documents that Plaintiffs ask this Court to construe as claims filed with the appropriate agency. These are (1) the February 13 Claim, (2) Sylwia Ewelina Madej Manchanda's initial complaint in this action filed on February 28, 2020, (3) correspondence from Rahul Manchanda to USCIS that is dated March 1, 2020, and (4) a Standard Form 95 Claim for Damage, Injury, or Death that is dated March 6, 2020. (Report at 19.)

---

[3] In a footnote in their reply to Defendants' response to their objections, Plaintiffs appear to argue that their allegations are actionable as a *Bivens* claim. (*See* Pls.' Reply at 9–10 n.5.) However, to the extent this discussion can be considered an objection, it does not target Magistrate Judge Lehrburger's specific findings that the facts of Plaintiffs' case meaningfully differ from those in which the Supreme Court previously recognized valid *Bivens* actions, and it would be imprudent to extend the *Bivens* remedy to this case.

6

Magistrate Judge Lehrburger assumed for argument's sake that Plaintiffs had filed a proper administrative claim, but found that Plaintiffs failed to sufficiently allege that any such claim was finally denied by the agency, either in writing or by failure to make a final disposition within six months after the claim was filed. (*Id.*) Magistrate Judge Lehrburger recognized that Plaintiffs' amended complaint includes an allegation that USCIS investigated their claim and Plaintiffs "understood from a DHS Civil Rights Officer 'Ms. Keels' that the investigators found against Defendant ISO Lewis and were 'taking action against her.'" (*Id.* at 20.) However, Magistrate Judge Lehrburger concluded that an agency's statement that it will take action does not constitute a final denial or disposition of Plaintiffs' claim and further noted that Plaintiffs did not allege that the purported communication reflecting USCIS's position was sent or received in writing. (*Id.*)

Plaintiffs object to these findings and maintain that they exhausted available administrative remedies. Plaintiffs cite three purported claims that were allegedly denied. First, Plaintiffs point to the February 13 Claim and argue that the communication from Keels, which they concede was by telephone, qualifies as a final disposition of their claim. (Pls.' Objs. at 3–4.) Plaintiffs further note that they have received no further communications regarding this claim. (*Id.*) Second, Plaintiffs cite an appeal filed on March 1, 2020 with the Administrative Appeals Office of USCIS (the "USCIS Appeal") that Plaintiffs allege was summarily denied. (*Id.* at 4, 7.) Finally, Plaintiffs refer to the Standard Form 95 Claim for Damage, Injury, or Death dated March 6, 2020 and filed with DHS, which has not been responded to for over a year. (*Id.* at 7–8.) Plaintiffs' arguments are unavailing. This Court concurs with Magistrate Judge Lehrburger that Keels' alleged response to Plaintiffs does not qualify as a final denial or disposition. Moreover, the February 13 Claim and the USCIS Appeal do not qualify as formal administrative claims. For purposes of 28 U.S.C. § 2675, "a claim shall be deemed to have been presented when a Federal agency receives from a

claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a). Neither the February 13 Claim, nor the USCIS Appeal included a claim for monetary damages directed at the agency. As to Plaintiffs' Standard Form 95, it was filed on March 6, 2020. Less than six months elapsed between that filing and the dates that Plaintiff initiated this action and filed the operative complaint.[4] Accordingly, DHS's failure to issue a final determination in that period cannot be deemed a denial of Plaintiffs' claim. And the fact that the agency has not responded to date does not cure Plaintiffs' failure to exhaust their claims. *MBE Cap. Partners LLC v. AVPOL Int'l LLC*, No. 17 CIV. 5992 (PGG), 2019 WL 568587, at *5 (S.D.N.Y. Feb. 11, 2019) ("The requirement that prematurely filed FTCA claims be dismissed holds even when . . . the FTCA claims would be ripe if re-filed at the date of the court's decision.") (quoting *Liriano v. ICE/DHS*, 827 F. Supp. 2d 264, 269 (S.D.N.Y. 2011)). Plaintiffs' FTCA claim is dismissed without prejudice for failure to exhaust administrative remedies.[5]

### B. The APA Claim.

Plaintiffs' APA claim consists of two separate challenges. First, Plaintiffs argue that Defendants' actions were arbitrary, capricious, and an abuse of discretion. In particular, Plaintiffs' allege that they were "arbitrarily made to wait for the [adjustment of status] interview for a prolonged time, humiliated, intimidated, discriminated, abused and insulted," and ISO Lewis scheduled a Stokes Interview to retaliate against Plaintiffs and "without considering the statutorily required documents and evidence demonstrating Plaintiffs' bonafide marriage." (Am. Compl.

---

[4] Plaintiff Sylwia Ewelina Madej Manchanda actually initiated this action on February 28, 2020, seven days *before* the Standard Form 95 was filed. The operative complaint was filed on June 15, 2020.

[5] Plaintiffs also contend in their objections to the Report that exhaustion is waivable. As noted, the FTCA statutory requirement that a claimant exhaust all administrative remedies before filing a complaint is jurisdictional and cannot be waived. *Celestine*, 403 F.3d at 82.

8

¶¶ 117, 119–20.) Second, Plaintiffs contend that their application for adjustment of status has been unreasonably delayed. (*Id.* ¶ 122.)

Magistrate Judge Lehrburger determined that Plaintiffs did not allege final agency action necessary for a substantive APA claim. (Report at 20–22.) Under the APA, a reviewing court must "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C § 706(2)(A). Judicial review, however, is limited to "final agency action." *See* 5 U.S.C. § 704. Agency action is "final" if it (1) "mark[s] the consummation of the agency's decisionmaking process," and (2) is "one by which rights or obligations have been determined, or from which legal consequences will flow." *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 136 S. Ct. 1807, 1813 (2016) (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)). Here, Magistrate Judge Lehrburger concluded that the actions identified by Plaintiffs failed to meet either prong of the test. (Report at 21–22.) Indeed, Magistrate Judge Lehrburger found that the "only conceivable final agency action that the Court could potentially review is a USCIS decision on Plaintiffs' adjustment of status application," which Plaintiffs allege has yet to be determined. (*Id.* at 22.)

Magistrate Judge Lehrburger further found that Plaintiffs failed to allege a claim of unreasonable delay with respect to their adjustment of status application. The APA requires that agencies conclude matters "within a reasonable time," 5 U.S.C. § 555(b), and authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1). Because Plaintiffs' adjustment of status interview took place on February 13, 2020 and the Stokes Interview was scheduled for May 12, 2020, only a month before the operative complaint was filed, Magistrate Judge Lehrburger concluded that there is no indication that a decision has been unreasonably delayed. (Report at 23.) Magistrate Judge Lehrburger also noted that Plaintiffs do

9

not indicate when the application was initially filed, making it impossible for the Court to determine whether any delay has been unreasonable. (*Id.*)

Plaintiffs object to the Report's conclusion that they failed to allege final agency action, but do not object to its findings regarding their allegations of unreasonable delay. Specifically, Plaintiffs contend that Magistrate Judge Lehrburger erred in finding that the decision to conduct a Stokes Interview is not a final agency action. (Pls.' Objs. at 16–18.) Plaintiffs contend that a Stokes Interview is "rare and intrusive" and "reserved for cases of suspected fraud and abuse to the immigration laws." (*Id.* at 16–17.) In a Stokes Interview, which is discretionary, spouses are questioned separately by USCIS officers to determine whether their marriage was bona fide. Notwithstanding the alleged rarity and inherently stressful nature of such a proceeding, the fact remains that these interviews are simply a step in an ongoing investigation. Moreover, though legal consequences may flow from actions taken based on such an interview, they do not flow from the decision to conduct the interview itself.

Nonetheless, Plaintiffs' adjustment of status application may form the basis of a valid APA claim if the agency's determination is unreasonably delayed or, if resolved unfavorably, as a final agency action subject to judicial review. Accordingly, Plaintiffs' APA claim is appropriately dismissed without prejudice.

## IV. CONCLUSION

Magistrate Judge Lehrburger's Report is adopted. Defendants' motion to dismiss, (ECF No. 38), is GRANTED. Plaintiffs' amended complaint is dismissed.

10

The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
March 30, 2021

SO ORDERED.

GEORGE B. DANIELS
United States District Judge